UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH S., <br><br> Plaintiff, <br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-5003 TLF <br><br> ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance (DIB) and supplemental security income (SSI) benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

I. ISSUES FOR REVIEW

A. Whether the ALJ Failed to Properly Evaluate Plaintiff's Subjective Symptom Testimony

B. Whether the ALJ Failed to Properly Evaluate Lay Witness Testimony

II. BACKGROUND

On October 8, 2015, plaintiff filed a Title II application for a period of disability and disability insurance benefits (DIB) and a Title XVI application for supplemental security income (SSI), alleging a disability onset date of March 1, 2015. Administrative

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 1

Record ("AR") 404-17, 419, 1016, 1078. Plaintiff last met the insured status requirements of the Social Security Act on June 30, 2015.

Plaintiff's application was denied initially and on reconsideration. AR 279-85, 291-302. Administrative Law Judge ("ALJ") Andrew S. Grace held a hearing on December 3, 2017 (AR 154-84), a supplemental hearing on April 9, 2018 (AR 185-212), and issued a decision on August 21, 2018 finding plaintiff not disabled. AR 98-119. On April 17, 2020, the U.S. District Court, Honorable Michelle L. Peterson, ordered that ALJ Grace's decision be reversed and remanded. AR 1106-17.

ALJ Lawrence Lee held a new hearing on remand on September 17, 2021 (AR 1052-74) and issued a decision on October 15, 2021 finding plaintiff not disabled.

Plaintiff now seeks judicial review of the October 15, 2021 decision. Dkt. 23.

### III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### IV.    DISCUSSION

A. Whether the ALJ Failed To Properly Evaluate Plaintiff's Symptom Testimony

Plaintiff assigns error to the ALJ's evaluation of his symptom testimony. Dkt. 23, p. 4-8.

Plaintiff testified to having seizures – about three per week, if he physically exerts himself too much, such as when chopping wood. AR 1059, 1066-1068. Also, he had

experienced seizures in bed while asleep. AR 1063. He stated the seizures had been identified by medical professionals as a "pseudo seizure", and that he was told to see a psychologist. AR 1059. He stated that initially, after being diagnosed, he took medication, but it did not stop the seizures; then, when it was suggested he should see a psychologist he went to the psychologist's office and, "the lady at the intake said there was nothing wrong" and he did not need treatment. AR 1059, 1063, 1065.

Plaintiff stated he can have three seizures every week, and "typically [he] end[s] up face down on the floor, flopping like a fish, and blacks out." AR 1062. According to plaintiff, after his seizures, he usually feels "groggy," "loopy," or he vomits. AR 1133, 1062-63. Plaintiff also testified that after his seizures, he has to take a nap for half an hour to an hour at least because it feels like he has used every single muscle in his body. AR 1133, 1067-68.

In weighing a plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 217). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v. Apfel, 188 F.3d 1087, 1090* (9th Cir. 1999) (inconsistent testimony about symptoms is clear and convincing reason to discount subjective allegations). The ALJ is required to state what testimony he or she determined to be not credible and point to the evidence

that undermines the plaintiff's credibility. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Here, the ALJ discounted plaintiff's testimony, finding it inconsistent (1) with the objective medical evidence, (2) plaintiff's lack of treatment, and (3) his activities of daily living. AR 1025-31.

With respect to the ALJ's first reason, "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). In this case, the ALJ specifically identified plaintiff's treatment notes showing largely normal mental status and physical findings. AR 1026, 1031. The notes show plaintiff was often found alert, mentally oriented, in no acute distress, with normal memory, orientation, and insight after his seizures. AR 717, 529, 531, 536, 540, 545, 550, 556, 560, 735, 776, 771, 829-30, 934, 954, 967, 987. They show that after plaintiff's symptoms were resolved, he had normal coordination, he was able to follow commands, he would return to baseline, and there would be no postictal period. AR 105, 127, 763, 826, 878, 883, 968. Further, plaintiff was continuously found to have normal or stable gait, normal range of motion, and full muscle strength. AR 127, 593, 673, 734-36, 800-01, 805, 826-29, 843-46, 850, 858-61, 878, 954, 968, 970, 972, 987, 1565-66. Given that the medical evidence shows plaintiff exhibited largely normal mental and physical functioning after his seizures, the ALJ could reasonably discount his testimony regarding the effect of his seizures.

Plaintiff argues the cited evidence is irrelevant to his testimony about how his "seizures [are] triggered by effort to the point of shortness of breath with variable

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 4

postictal decompensation." Dkt. 12, p. 6. Plaintiff also cites findings by several of plaintiff's treating sources to show that "the psychogenic source of the seizures was well established."  *See* Dkt. 12, p. 6-7. Plaintiff's attorney clarified during the administrative hearing that "we are essentially looking at a somatoform conversion disorder. . . ." AR 1064, 1069.

But plaintiff seems to misunderstand the ALJ's reasoning. The ALJ did not discount the fact that plaintiff experienced psychogenic seizures, how his seizures were triggered, or the frequency of his seizures. Rather, the ALJ discounted the plaintiff's statements about the severity of the seizures' "limiting effects". AR 1025. As explained above, the ALJ reasonably did so because plaintiff's medical record undermined his statements about his mental and physical functioning after his seizures. Accordingly, the Court finds the ALJ did not err in discounting plaintiff's testimony due to its inconsistency with the objective medical evidence.

Having found that the ALJ did not err discounting plaintiff's testimony for its inconsistency with the objective medical evidence, the Court need not address whether the ALJ erred evaluating his testimony for the other reasons provided above. Even if the ALJ committed error on those grounds, those errors would be harmless because the ALJ has provided a specific and legitimate reason for discounting plaintiff's testimony. *See Carmickle*, *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

B.  Whether the ALJ Failed to Properly Evaluate Lay Witness Evidence

Plaintiff also assigns error to the ALJ's evaluation of lay witness testimony. Dkt. 23, p. 8-10.

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 5

Plaintiff's wife testified that after plaintiff chops wood, or if the temperature is too hot outside, plaintiff has seizures. AR 176-76. She also testified that after his seizures, he vomits at times and needs to be in bed for one to two days to recover. AR 176.

When evaluating opinions from non-acceptable medical sources such as a therapist or a family member, an ALJ may expressly disregard such lay testimony if the ALJ provides "reasons germane to each witness for doing so." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). But when lay witness testimony includes similar limitations as the claimant's testimony, an "ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony." *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012).

Here, information provided by plaintiff's wife substantially mirrors plaintiff's testimony. AR 172-78. And because the Court found that the ALJ properly rejected plaintiff's testimony due to its inconsistency with objective medical evidence, it follows that this same reason is sufficient to properly reject the lay witness testimony. *See Molina*, 674 F.3d at 1117. Accordingly, the Court finds the ALJ did not err in rejecting lay witness testimony.

CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 23rd day of September, 2022.

Theresa L. Fricke
United States Magistrate Judge

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS - 7